UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

J.M.C. AND M.E.C., INDIVIDUALLY
AND ON BEHALF OF
THEIR MINOR CHILD, E.G.C.

CIVIL ACTION

VERSUS

NO. 07-621-JJB

LOUISIANA BOARD OF ELEMENTARY
AND SECONDARY EDUCATION,
EAST BATON ROUGE PARISH SCHOOL
BOARD, STATE OF LOUISIANA
DEPARTMENT OF EDUCATION, LEE DIXON

**RULING ON MOTION FOR RECONSIDERATION**

On June 13, 2008, this Court denied defendants', the East Baton Rouge Parish School Board and Lee Dixon, Motion to Dismiss, holding that the settlement agreement at issue was enforceable in district court pursuant to 20 U.S.C. § 1415(f)(1)(B)(iii).[1] On June 18, 2008, defendants brought a Motion for Reconsideration of that Ruling.[2] Plaintiffs oppose the Motion for Reconsideration, and defendants have submitted a reply.[3] Oral argument with respect to this motion is not necessary.

**Background**

E.G.C. is a minor child diagnosed with autism and qualified for special education services in the East Baton Rouge Parish School System. Pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), an individualized educational plan ("IEP") was developed for E.G.C. Thereafter, E.G.C.'s parents filed a formal complaint with the State of Louisiana Department of Education, alleging specific areas in which

---

[1] Doc. 36.
[2] Doc. 37.
[3] Docs. 44 & 45.

1

the school failed to meet the IEP requirements. The school system eventually requested mediation from the Department of Education, but mediation was unsuccessful. In late April of 2006, E.G.C.'s parents submitted a request for a due process hearing.[4] A due process hearing was scheduled for June 26-28, 2006. Both Plaintiff and Defendants have agreed in their briefs that prior to the scheduled due process hearing, a preliminary meeting occurred on May 12, 2006.[5] No settlement was reached during this preliminary meeting. However, after the preliminary meeting but before the due process hearing could occur, the parties entered into a confidential settlement agreement. Alleging breach of this settlement agreement, Plaintiffs asserted that they could seek redress in federal court. Defendants argued that this Court lacked authority over the dispute because Plaintiffs had failed to exhaust their administrative remedies.

In this Court's ruling denying the defendants' motion to dismiss, we reached three conclusions. First, the Court found that Plaintiffs did not exhaust administrative remedies under IDEA. Second, the Court found that the settlement agreement entered into between the parties did not, in itself, confer jurisdiction. Finally, the Court found that the settlement agreement was enforceable in district court under 20 U.S.C. § 1415(f)(1)(B)(iii) despite the fact that it was not reached during a preliminary meeting because it was the defendants' responsibility to have a preliminary meeting within

---

[4] Plaintiffs assert that they requested the due process hearing on April 26, 2006 (doc. 25-2, Exhibit G); Defendants assert that the request for due process hearing was submitted on April 28, 2006, received by the Louisiana Department of Education on May 1, 2006, and received by the EBRPPS on May 4, 2006 (doc. 37-2, page 5, n. 11).

[5] Defendants' Motion Seeking Reconsideration of Court's Ruling on Motion to Dismiss, doc. 37, page 5 ("plaintiffs participated in the "preliminary meeting" which took place on May 12, 2006…"); Plaintiff's Memorandum in Opposition to Motion for Reconsideration, doc. 44, page 2 ("For the purpose of this motion, Plaintiffs acknowledge that a Pre-Hearing Resolution Session was held on May 12, 2006.").

2

fifteen days of receiving notice of Plaintiff's complaint and there was no evidence that such a meeting took place.

## Analysis

It is well established that district courts have discretionary authority to reconsider interlocutory rulings.[6] There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.[7]

In our previous ruling, this Court held that the settlement agreement was enforceable in district court under 20 U.S.C. § 1415(f)(1)(B)(iii) despite the fact that it was not reached during a preliminary meeting. The Court found that East Baton Rouge Parish Public School System failed to convene the statutorily required preliminary meeting within fifteen days of receiving plaintiffs' complaint.[8] In denying defendants' motion to dismiss, this Court reasoned that Congress "did not likely intend for a party to use his or her own procedural failure as a shield to prevent a court from enforcing the terms of an IDEA settlement agreement."[9] Based on this procedural failure, this Court denied defendants' motion to dismiss.

---

[6] *See* Xerox Corp. v. Genmoora Corp., 888 F.2d 345 (5th Cir. 1989).

[7] Shields v. Shields, 120 F.R.D. 123, 126 (D.Colo. 1988).

[8] Ruling, doc. 36, page 20. The Court based its prior ruling on the absence of mention of such preliminary meeting in the record; indeed, the May 12, 2006 meeting is not referenced in plaintiff's complaint (doc 1), defendant's motion to dismiss (doc. 22), plaintiff's response in opposition (doc. 25), defendant's reply (doc 31), or plaintiff's rebuttal (doc. 34). 20 U.S.C. § 1415(f)(B)(i) sets forth that within 15 days of receiving notice of the parents' complaint:
> Prior to the opportunity for an impartial due process hearing under subparagraph (A), the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint

[9] Doc. 36, page 21.

3

Defendants assert they received notice of E.G.C.'s parents' complaint on May 1 and May 4, 2006.[10] Both parties agree for purposes of this motion for reconsideration that a preliminary meeting took place on May 12, 2006. Therefore, the Court finds that the statutorily required preliminary meeting did indeed take place within the fifteen-day period. Thus, we reverse our finding regarding the school system's procedural failure. We find that while a preliminary meeting was properly convened, no settlement agreement was reached during that meeting.

The Court reiterates its previous holding that plaintiffs have not exhausted their administrative remedies.[11] No settlement agreement was reached during the preliminary meeting. Further, the settlement is not enforceable under 20 U.S.C. § 1415(f)(1)(B)(iii). Instead, the settlement occurred in the interim between the preliminary meeting and the scheduled due process hearing.[12] In their opposition to defendants' motion for reconsideration, plaintiffs argue that the settlement agreement at issue here "is precisely the type contemplated by 20 U.S.C. § 1415(f)(1)(B)(iii)."[13] Plaintiffs further assert that the "framework of IDEA was NOT to have a due process hearing officer enforce settlement agreements; the framework was to have the courts enforce settlement agreements."[14] This Court disagrees. Under the plain language of 20 U.S.C. § 1415(f), a district court only has jurisdiction over settlement agreements reached

---

[10] Doc. 37-2, page 5, n. 11.
[11] In our previous ruling, we found that plaintiffs' steps within the administrative process did not mirror those set forth under the IDEA and therefore plaintiffs had not exhausted their administrative remedies. The Court also reiterates its holding that the settlement agreement, by its own terms, does not confer jurisdiction upon this Court. Doc. 36, page 17.
[12] Because the parties reached settlement prior to the due process hearing, they did not go forward with the scheduled due process hearing.
[13] Doc. 44, page 3.
[14] Doc. 44, page 4.

4

*during* the preliminary meeting or mediation.[15] As the court in *Bowman v. District of Columbia* explained when asked by plaintiff to enforce a settlement agreement reached outside of mediation or a preliminary meeting:

> Perhaps, it is true…that a district court's exercise of subject matter jurisdiction over disputes involving settlement agreements like those in this case would be a "logical extension," of the jurisdictional provisions in § 1415 and would advance Congress' goal of facilitating non-judicial resolution of IDEIA-related disputes. But it is not the role of the courts to append new provisions to statutes whenever doing so might comport with some of Congress' goals. This is especially true when other parts of the Act indicate that Congress also wanted to encourage plaintiffs to resolve their disputes through certain formal administrative procedures. The language that plaintiffs rely on is not ambiguous, nor would its literal application produce absurd or unjust results. Consequently, there is no reason to go beyond the application of the law as written. The court therefore declines to confer jurisdiction on itself where Congress has not done so.[16]

Because the settlement agreement at issue here was not reached during mediation or the preliminary meeting, the Court finds it is not enforceable in district court under 20

---

[15] 20 U.S.C. § 1415(f)(1)(B)(iii) states: "In the case that a resolution is reached to resolve the complaint at a meeting described in clause (i) [the preliminary meeting], the parties shall execute a legally binding agreement that is … (II) enforceable in any State court of competent jurisdiction or in a district court of the United States." Settlement agreements reached during mediation are also enforceable in federal district court under a similar provision. 20 U.S.C. §1415(e)(2)(F)(iii).

[16] 2006 WL 2221703, page*2 (D.D.C., August 2, 2006) (internal citations omitted). *See also* M.J. ex. Rel. G.L. v. Clovis Unified School District, 2007 WL 1033444, page *6 (E.D. Cal. April 3, 2007) (reasoning: "Plaintiff asserts that [§ 1415(f)] confers jurisdiction upon this court to adjudicate his dispute with CUSD over CUSD's compliance with the settlement agreement reached prior to the due process hearing. But, the plain language of § 1415(f) indicates that it only applies to resolutions reached during a 'resolution session' that satisfies the terms of § 1415(f)(i)."); Traverse Bay Area Intermediate School District v. Michigan Dept. of Educ., 2007 WL 2219352, page *7 (W.D. Mich. July 27, 2007) (noting: "Had Congress intended that *all* settlement agreements reached during the course of the administrative process be enforceable in federal court, it could have easily adopted a provision to that effect."); S.A.S. ex. Rel. W.S. v. Hibbing Public Schools, 2005 WL 1593011, page 3 (D.Minn. July 1, 2005) (explaining that "invoking a due process hearing and then settling the claims prior to the hearing does not 'rise to the level of exhaustion of administrative remedies.'").

5

U.S.C. § 1415(f)(1)(B)(iii). Plaintiff's complaint is not a justiciable controversy[17] until administrative remedies are exhausted or proved to be futile or inadequate.[18]

Because this Court finds it is not competent to enforce the settlement agreement at this point, we do not reach defendant's request to strike one of plaintiffs' exhibits nor do we reach the Louisiana Board of Elementary and Secondary Education and the State of Louisiana Department of Education's (the state defendants) Motion for Summary Judgment and to Dismiss.

---

[17] The fifth circuit has indicated that IDEA's exhaustion requirement may not be jurisdictional in nature. In *Gardner v. School Board Caddo Parish*, the court stated it "did not decide whether exhaustion is a jurisdictional requirement. Quite arguably, it is not because there is a judicial exception to exhaustion when exhaustion would be futile or inadequate." 958 F.2d 108, 112 (5th Cir. 1992).

[18] The Court finds that plaintiffs have failed to establish the futility or inadequacy of administrative procedures. *See* Honig v. Doe, 484 U.S. 305, 307 (1988). *See also* Kutasi v. Las Virgenes Unified School District, 494 F.3d 1162, 1168 (9th Cir. 2007) (explaining the futility exception does not apply if "the injury could be redressed 'to any degree' by the IDEA's administrative remedies."). The Fifth Circuit indicated in *Papania-Jones v. Dupree*, 275 Fed.Appx. 301, 304 (5th Cir. 2008) that the futility exception applies when there are systematic violations, when the hearing officer would be powerless to correct alleged violations, and when there is a settled state law policy that cannot be addressed through administrative procedures.

6

## **Conclusion**

Defendants have established that the statutorily required preliminary meeting did in fact occur within fifteen days of their notice of plaintiffs' complaint. The settlement agreement at issue here was not entered into during this preliminary meeting. Therefore, the Court finds that it lacks authority over the dispute regarding the settlement agreement. Plaintiffs are instead required to exhaust their administrative remedies. Defendants' Motion for Reconsideration is **GRANTED**. Plaintiffs' claims are **DISMISSED** for failure to exhaust.

Signed in Baton Rouge, Louisiana, on October 17, 2008.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**